# Capital City Water Co. *v.* Carey.

*Action to recover Money had and received.*

1. *Action for money had and received; when not maintainable.*—If, in an action to recover from a water company, as money had and received, an amount paid under protest, in settlement of a water bill, it is shown that plaintiff allowed an unnecessary waste of more water than she actually paid for, at the usual and customary rates, there is no equity in plaintiff's claim, and she is not entitled to recover.

APPEAL from Circuit Court of Montgomery.

Tried before the HON. JOHN P. HUBBARD.

This action was brought by the appellee, Jennie A. Carey, against the Capital City Water Company to recover, as money had and received, the amount paid by the plaintiff in settlement of a bill held by the defendant against the plaintiff for water consumed by her. The cause was tried by the court without the intervention of a jury.

The facts of the case are sufficiently stated in the opinion.

Judgment was rendered for the plaintiff, and the defendant appeals.

J. M. FALKNER, for appellant, cited *Comer v. Bankhead*, 70 Ala. 136 ; *Mobile v. L. & N. R. R. Co.*, 84 Ala. 115 ; *Sherward v. Citizens' Water Co.*, 90 Cal. 635.

GORDON MACDONALD, *contra*, cited *Busby v. Chesterfield Waterworks and Gas Light Co.*, 96 Eng. Com. Law Rep. 176 ;

[Capital City Water Co. v. Carey.]

*Weaver v. Cardiff, &c.,* 48 L. T. N. S. 906; *Sheffield Water Co. v. Carter,* S. L. Rep. S. B. Div. 632; *State v. Jersey City,* 45 N. J. L. 246.

HEAD, J.—Action to recover $14.50, money had and received, brought by appellee against appellant. Tried by the court below without a jury, and judgment for the plaintiff. On April 1, 1892, defendant presented to plaintiff its bill for water rent, amounting to $21.50. The bill consisted of an advance charge of $2.50 for the privilege of using 20,-000 gallons of water during the quarter ending April 1st; $1.50 for meter rent, and $17.50 for excess of water consumed over 20,000 gallons, being 70,461 gallons, at 25 cents per 1000. Plaintiff objected to the bill, and placed the matter in the hands of her attorney, Gordon Macdonald, to adjust and settle with the defendant on the best terms he could obtain. After several interviews, the company agreed to reduce the bill to $14.50, and Macdonald paid it for plaintiff at that sum; but he claims he paid it under protest, and plaintiff insists upon a state of facts to show the payment was, in law, involuntary. The defendant's version is that the reduction and payment were expressly agreed on as a compromise and settlement of the whole dispute and threatened litigation. We do not find it necessary, however, to decide this question, since it is most manifest the plaintiff was not entitled to recover, for other reasons.

It appears the defendant was under a contract with the city of Montgomery touching its duties in reference to furnishing water to the inhabitants of the city. The 15th section of that contract is as follows: "That the domestic rates for water furnished under this contract to citizens of Montgomery shall never exceed the average rates paid in other cities of similar size; the present basis of rates shall be six dollars per annum for building of five rooms and less, and one dollar per annum for each additional room, other rates to be proportionate to these, as above ordained: said rates shall be such as to allow for the use of meters by consumers if they so select." Plaintiff's house had 8 rooms. Much of argument is addressed to us upon the proper construction of the several provisions of this clause of the contract, touching the right of defendants to charge for water at *"meter rates"* or "fixture rates," and what uses of water are comprehended within the term "domestic," or "domestic use," which, under the practically undisputed evidence, we do not think it necessary to consider. It is clear, under the most favorable construction of the contract to the plaintiff,

[Corpening & Co. v. Worthington & Co.]

the payment of the prescribed charges only entitled her to consume so much water as was reasonable and necessary to all her domestic uses; and beyond that, she could not suffer water to go to waste on her premises without incurring liability to defendant to pay its reasonable value. The evidence shows that from Dec. 31st, 1891, to Feb'y 12th, 1892, she suffered her pipes, on her premises, to leak to such an extent that a waste resulted of 80,000 gallons or more, over and above her ordinary and necessary consumption. The defendant, upon discovering or suspecting the leakage, in December, put in a meter; and on Feb'y 12th, 1892, it was thereby disclosed that the average use of water, during the preceding forty days, was 2,080 gallons per day. The meter was read three days later, which was manifestly after the leaks had been repaired, and the consumption was found to be 19 gallons per day; the next day it was 24 gallons; thirty days later it showed an average of 30 gallons per day, and on May 2d the average had been 57 gallons per day. Thus we have, as actually detected, an unnecessary waste of over 80,000 gallons within forty days. The plaintiff was charged with only 70,461 gallons as excess, amounting, at the usual and customary charges, as shown by the evidence, to $17.50. The plaintiff paid only $14.50 in settlement of the whole bill, and now brings the equitable action of money had and received to recover that. There is no equity in the case for the plaintiff, and judgment will be here rendered in favor of the defendant.

Reversed and rendered.